IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH FERGUSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. TDC-14-3613 |
| | ) |
| PRINCE GEORGE'S COUNTY, | ) |
| MARYLAND, *et al.* | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION**

Defendants Officer Terrance Walker and Prince George's County, Maryland submit before this Court their Motion To Compel ("the Motion") (ECF No. 51). Plaintiff Kenneth Ferguson has not submitted a response to the Motion. The Court has reviewed the Motion and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court DENIES the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his Amended Complaint on February 27, 2015, alleging assault, battery, false arrest, and four counts under 42 U.S.C. § 1983, including excessive force and arrest without probable cause. Am. Compl. ¶¶ 11-42. On October 3, 2015, Plaintiff's counsel filed a Motion to Withdraw from the case, (ECF No. 39), which the Court granted on October 15, 2015. (ECF No. 40). The parties' discovery deadline was extended from June 13, 2016, until August 19, 2016. (ECF No. 50).

Defendants served Interrogatories and Requests for Production of Documents to Plaintiff on March 2, 2016 with a deadline for responses to be served no later than April 4, 2016. Defs.' Mot. 3. After the deadline passed without a response from Plaintiff, Defendants mailed a letter

to Plaintiff regarding his outstanding discovery responses. *Id.* Another letter was mailed to Plaintiff on May 2, 2016 and again on May 16, 2016, without response from Plaintiff. *Id.* On May 19, 2016, Defendants' counsel spoke to Plaintiff in person and hand-delivered the initial written requests for discovery, advising him that his responses were overdue. *Id.* Defendants' counsel claims that from June 13, 2016, through June 20, 2016, she called Plaintiff every day on his home phone number and left voicemail messages. *Id.* She also attempted to contact Plaintiff at his work phone number. Although Plaintiff responded to two of those messages, he "failed to address [Defendants' counsel's] detailed inquiries." *Id.* On June 20, 2016, another letter was mailed to Plaintiff. *Id.*

On August 5, 2016, Defendants again sent a letter to Plaintiff regarding his outstanding discover responses. *Id.* Three days later, on August 8, 2016, Defendants' counsel called Plaintiff at his home and work phone numbers. *Id.* Defendants claim that Plaintiff's "mother answered the home phone and advised that [Plaintiff] no longer resided at his last known address," where Defendants had been mailing letters, but a new mailing address was not provided. *Id.* Plaintiff has yet to respond to Defendants' discovery requests.

## DISCUSSION

The Maryland Federal Court Rules require parties to "confer with one another concerning a discovery dispute[.]" Local Rule 104.7 (D. Md.). Local Rule 104.7 dictates:

> The Court will not consider any discovery motion *unless* the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) *counsel's attempts to hold such a conference without success*; and (c) itemization of the issues requiring resolution by the Court.

(Emphasis added.)

Defendants have provided to the Court a series of letters as exhibits detailing the attempted communications with Plaintiff for the purpose of following up on the discovery requests. By definition, these letters are not an attempt by Defendants to "confer" with Plaintiff on the discovery matter. Defendants have not represented that they ever made an attempt to hold a "conference without success." At best, Defendants merely made demands. However, given the extraordinary lengths Defendants have gone through to elicit a response from Plaintiff, the Court, as an exception, will deem these attempts as satisfying Local Rule 104.7 and consider the Motion.

Although the Court has decided to consider the Motion, the Court is unable to rule on the Motion because Defendants have not provided the Court with a copy of the discovery requests that they served to Plaintiff. The Court cannot grant the Motion in a vacuum. For example, if Defendants are requesting in their interrogatories information concerning irrelevant medical history, the Court would not compel Plaintiff to answer such questions in a § 1983 case. Without knowing exactly what information Defendants are requesting from Plaintiff, the Court cannot make a ruling on the merits of the Motion. As a result, the Court must deny the Motion for Defendants' failure to attach their request.

## **CONCLUSION**

Based on the foregoing, the Court DENIES the Motion without prejudice for failure to attach Defendants' discovery requests. In the event Defendants seek to cure this deficiency, Defendants must file a supplemental motion attaching the discovery requests served to Plaintiff within five (5) calendar days of the date of this Memorandum Opinion, otherwise, the Motion will be dismissed with prejudice.

November 9, 2016                                                        /s/
                                            Charles B. Day
                                            United States Magistrate Judge



CBD/xl