# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

KENNETH FERGUSON,

    Plaintiff,

    v.

PRINCE GEORGE'S COUNTY, MD and
DETECTIVE TERRANCE WALKER,
*Individually and in his Official Capacity*,

    Defendant.

Civil Action No. TDC-14-3613

# MEMORANDUM OPINION

The Federal Rules of Civil Procedure authorize dismissal of an action if the plaintiff fails to participate in discovery or comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b). Plaintiff Kenneth Ferguson has failed to comply with several court orders directing him to provide discovery responses to Defendants Prince George's County, Maryland (the "County") and Detective Terrance Walker. Now pending before the Court is Defendants' Motion to Dismiss. Ferguson has not responded to the Motion, despite being informed of his right to do so. For the following reasons, the Motion is GRANTED.

## BACKGROUND

Ferguson alleges that following a traffic stop on April 20, 2014, Detective Walker assaulted him and unlawfully arrested him as part of a Prince George's County Police Department custom, policy, and practice of using excessive force and arresting individuals without probable cause. Ferguson filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983,

asserting violations of the Fourth Amendment to the United States Constitution and common law claims of assault, battery, and false arrest.

This case has had a long and meandering history, often characterized by Ferguson's refusal to participate in the litigation. Ferguson originally filed this action on September 11, 2014, in the Circuit Court for Prince George's County. The action was removed to this Court on November 17, 2014, and Ferguson amended the Complaint several months later, on February 27, 2015. After filing a partial Motion to Dismiss that was denied, the County filed an Answer, as did Detective Walker.

Although Ferguson was represented by counsel when the case began, on October 3, 2015, Ferguson's counsel withdrew for medical reasons. The Court stayed the case for 45 days to permit Ferguson to find new counsel. On October 22, 2015, Defendants filed a motion to bifurcate the case for discovery and trial so that Ferguson's claims against Walker would be addressed separately from those against the County. Ferguson did not file a response. After the stay was lifted on November 30, 2015, the Court granted Ferguson an additional 14 days to file a response to the motion. Ferguson failed to do so, and the Court granted in part the Motion to Bifurcate, on the issue of bifurcation of discovery, on January 22, 2016.

The Court issued a Scheduling Order a week later, on January 29, 2016, requiring the parties to file a Joint Status Report within 10 days. On February 8, 2016, Defendants filed a Status Report in which they represented that attempts to contact Ferguson by phone had been unsuccessful. On June 13, 2016, the deadline for completing discovery, Defendants filed a second Status Report in which they stated that they had propounded discovery to Ferguson on March 2, 2016 and again on May 19, 2016, but that Ferguson had not responded. On June 29, 2016, Defendants filed a motion seeking to extend the discovery deadline because of Ferguson's

failure to respond. Counsel for Defendants represented that he had attempted to contact Ferguson "on numerous occasions for the last 2 weeks to ascertain the status of the outstanding discovery requests" and had "left numerous detailed messages for the Plaintiff with regard to" the pending discovery requests at his last known telephone number. Mot. Amend Scheduling Order ¶¶ 6–7, ECF No. 49. Although Ferguson twice attempted to return these calls, he did not provide discovery responses. Defendants thus requested an extension of the discovery deadline until August 19, 2016. Ferguson did not file a response, and the Court granted the Motion. On August 12, 2016, Defendants filed a Motion to Compel and for Sanctions based on Ferguson's continued failure to respond to Defendants' written discovery requests. On August 19, 2016, the extended discovery deadline, Defendants filed a third Status Report stating that Ferguson still had not responded to the written discovery requests.

Defendants filed a Supplemental Motion to Compel on November 15, 2016, attaching a Rule 104.7 Certificate of Efforts to Resolve Discovery Dispute, copies of the interrogatories and requests for production of documents mailed to Ferguson, and six letters mailed to Ferguson between April 7, 2016 and August 5, 2016 regarding the outstanding discovery requests. Ferguson never responded to the motion. United States Magistrate Judge Charles B. Day granted the motion in part by ordering that Ferguson had waived any objections to the written discovery due to his failure to respond.

On November 29, 2016, Ferguson filed a Motion for an Extension of Time in which he requested extra time to respond to the written discovery. Judge Day denied the Motion and ordered Ferguson to "provide all responses to discovery on or before December 27, 2016." Mem. Op. & Order at 2, ECF No. 64. Ferguson did not provide responses to discovery or otherwise respond to the Order. On January 6, 2017, Defendants filed a Motion for Dismissal

3

for failure to comply with the Order. On May 18, 2017, the Court ordered Ferguson to respond to Defendants' discovery requests by June 5, 2017 and warned that failure to do so would result in dismissal of the case without further notice.

According to a Status Report filed by the Defendants on June 9, 2017, Ferguson finally filed "substantially deficient" and unsigned responses to Defendants' Interrogatories on June 5, 2017. Defs.' Status Report at 1, ECF No. 69. He did not submit any documents in response to Defendants' Request for Production of Documents. Nevertheless, because of this response and the fact that Ferguson had not been warned before the filing of the motion that dismissal could result from non-compliance with discovery orders, the Court denied the Motion for Dismissal on June 12, 2017. In so ruling, the Court explicitly warned Ferguson that "failure to participate in [a] Case Management Conference, to respond to valid discovery requests in a timely manner, or to comply with any other orders of the Court, will result in dismissal of this case with prejudice." Order at 3, ECF No. 70.

Defendants filed a Motion to Compel and for Sanctions on July 5, 2017. At an October 25, 2017 hearing on the Motion, Judge Day orally ordered Ferguson to provide additional discovery responses by November 1, 2017. On January 2, 2018, the Court ordered Defendants to file a Status Report stating whether Ferguson had responded to the discovery requests and restated its warning to Ferguson that failure to comply with valid discovery requests and court orders would result in dismissal. On January 31, 2018, having reported that Ferguson did not comply with Judge Day's prior order, Defendants filed the pending Motion to Dismiss, seeking dismissal under Rules 37 and 41 for Ferguson's failure to obey court orders and to participate in discovery.

# DISCUSSION

Defendants argue that the case should be dismissed pursuant to Federal Rules of Civil Procedure 37 and 41 because Ferguson failed to obey multiple orders directing him to respond to Defendants' discovery requests.

## I. Legal Standards

Rule 41 provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, the United States Court of Appeals for the Fourth Circuit has held that where the basis for a motion to dismiss relates to failure to comply with discovery orders, the Court should analyze the motion under Rule 37 rather than Rule 41. *See Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985). Because the Motion seeks dismissal based on Ferguson's failure to comply with discovery deadlines and discovery orders, the Court will apply Rule 37.

Rule 37 provides that if a party "fails to obey an order to provide or permit discovery," the court may "issue further just orders," which may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Whether to impose sanctions is committed to the Court's discretion. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).

## II. Rule 37 Sanctions

When determining what, if any, sanctions should be imposed under Rule 37, the Court must consider four factors: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice suffered by the other party as a result of the failure to comply; (3) the deterrent value of dismissal as a sanction for non-compliance; and (4) the efficacy of a less drastic sanction. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). The sanction of dismissal is generally reserved for cases in which the party's non-compliance is based on bad faith or callous disregard for the authority of the Court and its Rules. *Mutual Fed. Savings & Loan Assoc. v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). The Court addresses each factor in turn.

### A. Bad Faith

Turning first to bad faith, the Court finds that this factor weighs in favor of dismissal. Where Judge Day found that all but one of Defendants' discovery requests were "relevant and discoverable," compliance with those requests is a necessary step toward resolution of the case. Mem. Op. & Order at 1, ECF No. 59. Defendants originally propounded discovery in March 2016. They did not receive Ferguson's deficient and unsigned Answers to Interrogatories until June 9, 2017, over a year later. To date, almost nine months after that inadequate response, Defendants still have not received supplemental answers or any documents from Ferguson as ordered by the Court.

While recognizing the difficulties presented by the withdrawal of Ferguson's counsel, the Court nevertheless observes that Ferguson has been granted ample time to find new counsel, and even *pro se* litigants are required to comply with court orders and the Federal Rules of Civil Procedure. The Court concludes that Ferguson's failure to respond to discovery requests,

cooperate with Defendants in discovery, and comply with court orders weighs in favor of a finding of bad faith. *See, e.g.*, *McFeeley v. Jackson Street Entertainment, LLC,* No. DKC-12-1019, 2014 WL 4182231, at *2 (D. Md. Aug. 19, 2014) ("[Plaintiff's] complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith."); *Vien v. Walker*, No. PJM-12-1796, 2014 WL 900803, at *2 (D. Md. Mar. 5, 2014) (finding bad faith where plaintiff failed to respond to repeated requests for interrogatories and production of documents, did not appear for his deposition, and did not appear at a hearing on a motion for sanctions); *Hughley v. Leggett*, No. DKC-11-3100, 2013 WL 3353746, at *2 (D. Md. July 2, 2013) (finding bad faith where a plaintiff failed to respond to discovery requests "despite the defendant's efforts to contact him" and continued not to respond even after "the defendant moved to dismiss and the clerk issued a Rule 12/56 letter"); *Fisher v. Fisher*, No. WDQ-11-1038, 2012 WL 2873951, at *3 (D. Md. July 12, 2012) ("[B]ad faith has been found where, for example, a party 'has failed to comply with more than one order of the Court,' failed entirely to comply with the opposing party's discovery requests, or failed 'even [t]o attempt to obtain and produce [any] requested documents.'") (quoting *Tolbert v. Charter Comm.*, No. 6:10-cv-02618-TMC-JDA, 2012 WL 1340120, at *3 (D.S.C. Mar. 22, 2012) (alterations in original)); *Robertson v. DECO Sec., Inc.*, No. WDQ-09-3093, 2010 WL 3781951, at *4 (D. Md. Sept. 22, 2010) (finding bad faith where the plaintiff failed to comply with two court orders to respond to interrogatories and requests for documents).

### B. Prejudice

Turning next to prejudice, the Court finds that the prejudice caused to Defendants by Ferguson's failure to provide discovery responses is significant. Without access to discovery responses, Defendants cannot mount an appropriate defense. In addition, the delay in this case

has been lengthy. This case has been pending for over three years. Defendants' ability to present a defense may well have been compromised by the passage of time, which reduces the availability of witnesses and the quality of their memories. In *Robertson*, the court found prejudice in the form of "added expenses, aggravation, and delay" where the plaintiff had failed to comply with court orders for five months, because "[t]he evidence sought by Defendant's initial discovery request goes to the heart of Plaintiff's claim and it cannot be disputed that Plaintiff's failure to answer even a single interrogatory precludes Defendant from preparing a defense." *Robertson*, 2010 WL 3781951, at *5. The degree of prejudice to Defendants caused by Ferguson's failure to respond to discovery weighs in favor of dismissal under Rule 37. *See United States v. One Tract of Real Prop.*, 107 F.3d 868, 1997 WL 71719, at *3 (4th Cir. Feb. 20, 1997) (unpublished) (finding prejudice where a party's "repeated refusals to comply with the Government's legitimate discovery requests" prevented the Government from mounting a defense and "hampered the district court's efforts to advance and resolve the litigation").

    **C.**    **Deterrence**

There is a need for deterrence when a party has brought a case to a significant standstill through the failure to participate in discovery. *See, e.g., Hughley*, 2013 WL 3353746 at *3 ("Plaintiff's complete lack of participation in the discovery process has directly inhibited and delayed the resolution of this dispute, and there is an obvious need to deter such conduct."). That is the situation here. As a result of Ferguson's unresponsiveness, this case has been at a standstill since March 2016, when Defendants first propounded discovery requests, despite defense counsel's continued efforts to move the case forward. This delay is significant, and based on Ferguson's continued inaction, it is expected to continue. Such inattentiveness, which

goes "to the heart of the court process and totally inhibit[s] a just resolution of disputes," needs to be deterred. *Vien*, 2014 WL 900803 at *2. This factor also weighs in favor of dismissal.

D. **Effectiveness of Less Drastic Sanctions**

In cases in which a plaintiff has been completely unresponsive in discovery, any sanctions less drastic than dismissal of the case would be ineffective. *See McFeeley*, 2014 WL 4182231 at *2 ("[A]s [Plaintiff] has failed to respond to the granting of her own counsel's motion to withdraw as counsel or to the letter sent by the court, it is clear that her behavior would not be altered by less drastic sanctions [than dismissal]."). Indeed, where, as here, one party has brought the case to a halt through a failure to participate in discovery, the other relevant sanctions available under Rule 37 are a poor fit because their effectiveness depends on the lawsuit moving forward. For example, in addition to allowing dismissal of a case, Rule 37 allows a court to impose the sanction of "directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims," a sanction that is effective only if the case proceeds to an adjudication on the merits. Fed. R. Civ. P. 37(b)(2)(A)(i). Rule 37 also allows the sanction of "prohibiting the disobedient party from supporting or opposing designated claims or defenses," a solution that again contemplates that the case will move forward to completion. Fed. R. Civ. P. 37(b)(2)(A)(ii). Here, Ferguson has stalled the case, thereby preventing any development of a factual record that could be the basis for a merits determination. With the case in such an unworkable state, the only appropriate sanction is to dismiss the case.

E. **Notice**

Finally, as the Court recognized in denying Defendants' earlier Motion to Dismiss, the Fourth Circuit requires that before dismissing a case for failure to comply with court orders, a

district court must provide the non-complying party with "explicit and clear notice" that the failure to comply with court orders could result in dismissal. *See Choice Hotels Intern., Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993). The Court has now explicitly provided such a warning to Ferguson on three occasions: on May 18, 2017; June 12, 2017; and January 2, 2018. ECF Nos. 67, 70, 77. Accordingly, with all factors weighing in favor of dismissal, the Court will grant the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. A separate Order shall issue.

Date: March 6, 2018

THEODORE D. CHUANG
United States District Judge